ORIGINAL

~AO 241                                                                           Page 2
(Rev.12/04)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Wilmington |
|---|---|

| Name (under which you were convicted) : Winfred O. Brown SR | Docket or Case No: |
|---|---|

| Place of Confinement : Delaware Department of Corrections | Prisoner No.: 00019174 |
|---|---|

| *Petitioner*( *include the name under which you were convicted*) | *Respondent* (*authorized person having custody of petitioner*) |
|---|---|
| Winfred O. Brown Sr                                   v. | Warden Thomas Carroll |

The Attorney General of the State of Delaware

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    Superior Court

    (b) Criminal docket or case number (if you know): 0305001486

2.  (a) Date of the judgment of conviction (if you know): 2-3-0*WB*

    (b) Date of sentencing: 2-3-0*WB*

3.  Length of sentence: six years

4.  In this case, were you convicted on more than one count or of more than one crime?         ☒ Yes      ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

    trafficking in cocaine (3 years), PFDCF (3 years)

6.  (a) What was your plea? (Check one)

    ☐ (1)  Not guilty          ☐ (3)  Nolo contendere (no contest)

    ☒ (2)  Guilty             ☐ (4)  Insanity plea

06 - 798

FILED

DEC 29 2006

~AO 241                                                                                    Page 3
(Rev.12/04)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you

plead guilty to and what did you plead not guilty to?

I pled guilty to both charges

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury          ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes          ☒ No

8.    Did you appeal from the judgment of conviction?

☐ Yes          ☒ No

9.    If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result::

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court?    ☐ Yes          ☐ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

~AO 241
(Rev.12/04)

(5 ) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.    Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    ☒ Yes    ☐ No

11    If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court: Superior Court

(2) Docket or case number (if you know): 0305001486

(3) Date of filing (if you know):

(4) Nature of the proceeding: illegal sentence; factual innocence

(5) Grounds raised: new law was in effect before sentencing; not guilty of PFDCF

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
☐ Yes    ☒ No

(7) Result: Motion was denied

(8) Date of result (if you know):

~AO 241
(Rev.12/04)

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court: Supreme Court

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised: Appeal of denial of motion

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes   ☒ No

    (7) Result: Denied

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

~AO 241
(Rev. 12/04)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☐ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

| | | |
|---|---|---|
| (1) First petition: | ☒ Yes | ☐ No |
| (2) Second petition: | ☒ Yes | ☐ No |
| (3) Third petition: | ☒ Yes | ☐ No |

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE: Defense Counsel provided ineffective assistance**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Defense counsel failed to provide the appellant a copy or review his Rule 16 (Discovery) before trial or before the appellant accepted a plea (which was on the morning of trial); failed to question or subpoena 12 witnesses that would have placed the appellant outside the state of Delaware during the timeframe the Movant is accused of participating in several crimes; failed to inform the Court that he (Counsel) had a conflict of interst with one of the appellant's alibi witnesses in that defense counsel was representing that witness and attempting to negotiate a plea with the same prosecutor on unrelated charges; failed to assit the appellant in his attempt to gain a continuance after the appellant was not provided a copy of his Discovery at the Final Case Review (three days before trial); failed to file a Motion for Severance when it became apparent that the appellant did not live at the residence where he was arrested; failed to request a Delaware Rules of Evidence 608 or 609 Hearing (character and credibility of witnesses) against several state witnesses who had lengthy felony records; failed to request Jury Voir Dire after appellant had instructed him to do so; failed to adequately prepare and timely submit a Motion to Suppress based on a defective search warrant; failed to file a Motion to suppress based on illegal search and seizure; coerced, manipulated and threatened the Movant into accepting a plea even after the Movant was adamant in his innocence.

(c)     **Direct Appeal of Ground One:**
        (1) if you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☐ No

        (2) if you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

        (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☒Yes     ☐ No

(2) if your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Motion for Post Conviction

Name and location of the court where the motion or petition was filed: Superior court, Dover, DE

Docket or case number (if you know): 0305001486

Date of the court's decision: 1-31-06

Result (attach a copy of the court's opinion or order, if available): encl 1

        (3) Did you receive a hearing on your motion or petition?     ☐Yes     ☒ No

        (4) Did you appeal from the denial of your motion or petition?     ☒Yes     ☐ No

        (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal     ☒Yes     ☐ No

        (6) If your answer to Question (d)(4) is "Yes," state: Delaware

Name and location of the court where the appeal was filed: Supreme Court

Docket or case number (if you know): 79, 2006

Date of the court's decision: 9-22-06

Result (attach a copy of the court's opinion or order, if available): encl 2

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO: Materially Defective Search Warrant**

(a)   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Because the appellant was never allowed to review his Rule 16 (Discovery) he was unaware that the Search Warrant's affidavit of probable cause was defective and if challenged at a Suppression Hearing would have been found defective. The appellant cites the following instances in support of this argument. (1) The affidavit stated that "Winfred Brown, DOB: 6-21-57 was observed by a confidential Source processing Cocaine for sale at 535 Nimitz Road, Dover, DE in November 2002. The appellant documented in his appeal to the Delaware Supreme court that he was living in Hopewell, Virginia at that time, was bedridden from a car accident ans was receiving physical therapy from September through December 2002. (2) The affidavit states that "Lori Stewart" informed the police on May 3, 2003, that she purchased cocaine from the appellant at 535 Nimitz Road. While being prepared to testify three days before the the appellant's trial, Stewart informed Police and the Deputy Attorney General that she had lied and recanted her testimony. The state then dropped Stewart as a witness but failed to provide this exculpable information to the defense. (3) The affidavit stated that the appellant made a sale of Cocaine to a confidential informant using a third party to make the transaction. The appellant's son (Winfred Brown Jr) informed police and the state that it was he who made the sale and set up the transaction. Once again the state failed to provide this exculpable material to the defense. (4) The affidavit stated that "Brown lived at 535 with Jennifer Haass and owned two Ford Explorer's. The appellant's son and Jennifer Haass informed police and the state that it was Brown Jr that lived with Haass at this residence since July 2002 and that the appellant never moved to Delaware until January 16, 2003, lived at 535 Nimitz Road until February 15, 2003 and when he moved out, never returned to the residence again until April 24, 2003, one week before police raided the residence and that the appellant had never sold any drugs from the residence, had no dominion and control over any drugs found in the residence and did not own or know the location of the unloaded handgun found in the residence. (4) The affidavit stated that Brown owned the handgun found in the residence. See comments above reference handgun. Not only was the search warrant's affidavit defective but the appellant was never allowed to review it and defense counsel failed to argue the merits stated above. Counsel filed a motion one business day before trial stating only that there was no one living at the residence by the name of "winchester." On trial day after failing to question or subpoenae any of the 12 witnesses the appellant had provdied, counsel infromed the appellant that the motion for suppression he filed had no merits. It is important to note that Winfred Brown Jr's (who actually lived at the residence) name or birth date does not appear in the affidavit of probable cause at all.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)       **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☐ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)       **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes ☐ No

(2) If your answer to Question (d) (I) is "Yes," state:

Type of motion or petition: **Motion for post Conviction**

Name and location of the court where the motion or petition was filed: Kent County Superior Court

Docket or case number (if you know): 0305001486

Date of the court's decision: 10-10-06

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                                      ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition                               ☒ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d) (4) is "Yes," state:

Name and location of the court where the appeal was filed: Supreme Court

Docket or case number (if you know): 79,2006

Date of the court's decision: 9-22-06

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d) (4) or Question (d) (5) is "No," explain why you did not raise this issue:

(e)        **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two:

**GROUND THREE:** State withheld exculpable evidence

(a)        Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The state withheld exculpable evidence that Lori Stewart (who the state claimed provided probable cause to arrest the appellant) recanted her testimony during a prepatory briefing for the appellant's trial, informing the state that she had lied and in fact had not received any drugs from the appellant.  The state subsequently dropped Stewart as a witness.  The state then withheld exculpable evidence that the appellant's son (Winfred Brown JR) had informed the state that the appellant was not involved in any drug operations at his (Brown JR's) residence and that the appellant did not own or know the location of the unloaded handgun found in Brown Jr's residence.  Further that the appellant could not have been involved in any sale of drugs to a confidential informant from his residence; that the appellant was not in Delaware in November 2002, when police claim that an confidential source observed "Winfred Brown" processing cocaine at 535 Nimitz Road, Dover, DE; and that the appellant never moved to Delaware until January 2003, lived at 535 Nimitz Road until mid February 2003 and left the residence and never returned until around April 25, 2003.

(b)     If you did not exhaust your state remedies on Ground Three, explain why?

(c)     **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☐ No

(2) (f you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes          ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Motion for Post Conviction Relief

Name and location of the court where the motion or petition was filed: Kent County  Superior Court

Docket or case number (if you know): 0305001486

Date of the court's decision: 10-10-06

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?     ☐ Yes     ☒ No

(4) Did you appeal from the denial of your motion or petition?     ☒ Yes     ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☒ Yes     ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Delaware Supreme Court

Docket or case number (if you know): 79, 2006

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d) (4) or Question (d) (5) is "No," explain why you did not raise this issue:

(e)      **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:** State withheld Exculpable Evidence

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): While being prepped to testify fat the appellant's trial, Lori Stewart informed the State and police that she never told police she observed the appellant with the 52 grams of cocaine found in the ceiling at 535 Nimitz Road and in fact had no knowledge of said cocaine found at that residence.  The state dropped Stewart as a witness and then failed to provide this exculpable evidence to the defense as part of the Rule 16 "Discovery."

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)      **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue          ☐ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)      **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed: Kent County Superior Court

Docket or case number (if you know): 0305001486

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☒ No

(4) Did you appeal from the denial of your motion or petition?  ☒ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☒ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Delaware Supreme Court

Docket or case number (if you know): 79, 2006

Date of the court's decision: 10-10-06

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d) (4) or Question (d) (5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

**Additional Ground Under 28 U.S.C. § 2254**

**GROUND Five: Court's Abuse of Discretion**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):The appellant was arrested on May 3, 2003. Between that time and December 5th 2003, the appellant was given 5 different attorney's by the court. The appellant's case was given to Mr. David Anderson on December 5th 2003. The appellant was scheduled for trial on February 3, 2006. At his first Case Review in December 2003, the appellant was informed by defense counsel that he did not have the Rule 16 (Discovery) for review and was not prepared to discuss the case. At his second case review on Thursday, January 28, 2004, defense counsel again informed the appellant that he had just received the Rule 16 (Discovery) and again was not prepared to discuss the Movant's case with him. At that time the Movant asked counsel to request a continance in order for counsel and the appellant to review "Discovery' and prepare a defense for trial, defense counsel refused. At that point the appellant asked to be taken before the judge so the appellant could request a continuance to retain private counsel. Defense counsel informed Judge Vaughn that he had not reviewed the appellant's Rule 16 (Discovery) with the appellant and that the appellant now desired to retain private counsel. The Movant proceeded to request a continance in order to retain private counsel but was immediately interrupted and denied by the Court when Judge Vaughn stated, "Your case has been on the docket too long and you are going to trial on Tuesday. The Movant argues that it was an abuse of discretion for the trial court to deny his motion without opening a "two prong" review as to why the appellant sought the continance. Because of this denial and defense counsel's ineffective assistance the appellant (which was aggravated when defense counsel failed to subpoenae alibi witnesses and question Lori Stewart and Winfred Brown Jr before trial) was forced to accept a plea on the morning of trial.

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c)    **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes     ☐ No

(2) if you did not raise this issue in your direct appeal explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d) (1) is "Yes," state:

Type of motion or petition: Motion for Post conviction

Name and location of the court where the motion or petition was filed: Delaware Superior Court

Docket or case number (if you know): 0305001486

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?    ☐ Yes     ☒ No

(4) Did you appeal from the denial of your motion or petition?    ☒ Yes     ☐ No

(5) If your answer to Question (d) (4) is "Yes," did you raise this issue in the appeal    ☒ Yes     ☐ No

(6) If your answer to Question (d) (4) is "Yes," state:

Name and location of the court where the appeal was filed: Delaware Supreme Court

Docket or case number (if you know): 79, 2006

Date of the court's decision: 10-10-06

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

**Additional Ground Under 28 U.S.C. § 2254**

**GROUND Six: Abuse of Discretion**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The lower Court erred when it failed to grant an evidentiary hearing upon receiving evidence that the Affiant had committed "perjury" at the appellant's Preliminary Hearing and that Defense counsel had a 'conflict of interest" with one of the alibi witnesses. At the Preliminary hearing the affiant testified that Lori Stewart informed police that she personally observed the appellant with the 52 grams of Cocaine found in the basement ceiling at 535 Nimitz Road. While being prepped to testify against the appellant, Stewart informed the State Deputy Attorney Generasl that she never told police she saw the appellant with any Cocaine and had no knowledge of the Cocaine found in the house. This was part of the exculpable material the state failed to turn over to the defense. The Movant only became aware of it in March 2004, after accepting a plea. Upon notification to the court, the court failed to hold an evidentiary hearing to determine if the Affiant had in fact perjured himself. Second, the Court failed to hold an evidentiary hearing or even require defense counsel to respond in writing to the appellant's claims that counsel had a "conflict of interest" with one of the appellant's alibi witnesses (Lisa Moore). The appellant had been dating Moore at the time of his arrest in May 2003. Moore was arrested in August 2003 on unrelated charges and was immediately represented by Mr. David Anderson. Mr. Anderson did not begin representing the appellant until December 2003. The appellant had identified Lisa Moore to his first attorney, Kevin Howard as an alibi witness in June 2003 and again to Mr. Anderson in December 2003. In January 2004, Moore identified herself to Mr. Anderson as the appellant's girlfriend. At that time, defense counsel had a duty to inform the court that he had a "conflict of interest." Further he failed to ask both the appellant and Moore for approval to continue representing both parties and explain the ramifications of said continuance. On the morning of trial after the Movant had accepted a plea, defense counsel informed the appellant that he should cease his relationship with Ms. Moore (who is white) to allow her to involve herself with someone more suitable. The appellant firmly believes that defense counsel did not want Lisa Moore testifying for the appellant ahead of her own sentencing and instead sacrificed the appellant as a result of his loyalties to Moore and his attempts to gain her a favorable plea.

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c)     **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?      ☐ Yes     ☐ No

    (2) if you did not raise this issue in your direct appeal explain why:

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

    ☒ Yes  ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: Post Conviction

    Name and location of the court where the motion or petition was filed: Kent County Superior Court

    Docket or case number (if you know): 0305001486

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion or petition?      ☐ Yes     ☒ No

    (4) Did you appeal from the denial of your motion or petition?      ☒ Yes     ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal      ☒ Yes     ☐ No

Name and location of the court where the appeal was filed: Delaware Supreme Court

Docket or case number (if you know): 79, 2006

Date of the court's decision: 10-10-06

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d}(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.)

that you have used to exhaust your state remedies on Ground          :

**Additional Ground Under 28 U.S.C. § 2254**

**GROUND Seven: Factually Not Guilty of "PFDCF"**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The appellant was forced to plea to Possession of a Firearm During the Commission of a Felony when defense counsel informed him that if he did not accept a plea the State's Attorney would file weapons charges against him with the US Attorney regardless of the outcome of his trial. It was always the appellant's contention that he did not live at 535 Nimitz Road and did not own or know the location of the handgun found in the residence. The appellant's fingerprints were not found on the weapon either. The appellant acknowledged that he did have two ammunition clips to the handgun in his motel room several miles from the residence but informed defense counsel that they had been left there by the owner of the gun and further informed counsel who said owner was and asked counsel to subpoenae the owner. Again counsel failed in his duty. When the appellant refused to accept the plea to the handgun, defense counsel informed the appellant he was in fact guilty of Possession of a firearm During the Commission of a Felony based merely on the fact that the ammunition clips were found in his motel room. Based on this assertion by counsel the appellant accepted this plea. Upon review the appellant determined that defense counsel had lied to him and that in order to be convicted it must be found that the "handgun" was accessible and available to the appellant. No jury would have found the appellant guilty of this charge in that the appellant had no access to the residence where the handgun was found and did not have dominion and control over the drugs found there. ALL OTHER CHARGES STEMMING FROM THAT RESIDENCE WERE "NOLLE PROSEQUI" AGAINST THE APPELLANT.

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c)    **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

(2) if you did not raise this issue in your direct appeal explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Post Conviction

Name and location of the court where the motion or petition was filed: Kent County Superior Court

Docket or case number (if you know): 0305001486

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?    ☒ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal    ☒ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Delaware Supreme Court

Docket or case number (if you know): 79, 2006

Date of the court's decision: 10-10-06

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

**Additional Ground Under 28 U.S.C. § 2254**

**GROUND Eight: Abuse of Discretion**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):The Delaware Superior and Supreme Court's abused it's discretion when it failed to hold an evidentiary hearing and or remand his case based upon the appellant's claims as presented; and that under Superior Court Rule 61(i)(5) that he has suffered nemerous constitutional violations; that he has presented a colorable claim for a miscarriage of justice; and that he is factually innocent on the charge of Possession of a Firearm during the Commission of a Felony."

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c)    **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

    (2) if you did not raise this issue in your direct appeal explain why:

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☐Yes  ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?    ☐Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☐Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal    ☒Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Delaware Supreme Court

Docket or case number (if you know): 79,2006

Date of the court's decision: 10-10-06

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.)

that you have used to exhaust your state remedies on Ground          :

~AO 241
(Rev.12/04)

Page 13

13.  Please answer these additional questions about the petition you are filing:

(a)  Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction'?          ☒ Yes          ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

(b)  Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them:Yes, see ground 8.

14.  Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?          ☐ Yes          ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date *of* the court's decision, and the result for each petition, application, or motion filed. .Attach a copy of any court opinion or order, if available.

15.  Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?          ☐ Yes          ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

~AO 241                                                                                     Page 14
(Rev.12/04)

16.   Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are

      challenging:

      (a) At preliminary hearing:          Kevin Howard, *502 S. STATE ST, DOVER, DE 19901*

      (b) At arraignment:                  Was not provided an attorney at arraignmENT

      (c) At trial:

      (d) At sentencing/ *PLEA*            David Anderson, P.O. Box 547, Townsend, DE *19734*

      (e) On appeal:

      (f) In any post-conviction proceeding:          NA

      (g) On appeal from any ruling against you in a post-conviction proceeding:

17.   Do you have any future sentence to serve after you complete the sentence for the judgment that you are

      challenging?      ☐ Yes   ☒ No

      (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

      (b) Give the date the other sentence was imposed:

      (c) Give the length of the other sentence:

      (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?

            ☐ Yes   ☐ No

18.   TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute

      of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

~AO 241                                                                                          Page 16
(Rev.12/04)

> (2)    The time during which a properly filed application for State post-conviction or other collateral review with
> respect to the pertinent judgment or claim is pending shall not be counted toward any period of
> limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on          (month, date, year).

Executed (signed) on      (date).

12-27-06

Winfield O Brown

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

IN FORMA PAUPERIS DECLARATION

_____

[insert appropriate court]

*****

I/M WILFRED BROWN
SBI# 019174 UNIT V-B-1
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

$ 05.60

LEGAL MAIL

DISTRICT COURT
LOCKBOX 18
844 KING STREET
WILMINGTON, DE
19801

2 OF 4

2 OF 4

SUPERIOR COURT ORDER

ATTACHMENT

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | IK03-05-0704 - 705-R1 |
| | ) | |
| WINFRED O. BROWN, Sr. | ) | |
| (ID. No. 0305001486) | ) | |
| | ) | |
| Defendant. | ) | |

*Submitted: October 26, 2005*
*Decided: January 31, 2006*

Dennis Kelleher, Esq., Department of Justice, Dover, Delaware.  Attorney for the State.

Mr. Winfred O. Brown, Sr., *pro se*.

*Upon Defendant's Motion for Postconviction Relief*
*Pursuant to Superior Court Criminal Rule 61*
**DENIED**

**VAUGHN, President Judge**

*State v. Winfred O. Brown, Sr.*
ID. No. 03605001486
January 31, 2006

to 10 *Del. C.* § 512(b)(1)(b) and Superior Court Criminal Rule 61(a)(5).

    4. The Commissioner recommended that the defendant's motion be denied as procedurally barred under Rule 61(i)(3). Also, the defendant failed to raise any of his grounds for relief at the plea, sentencing, or on direct appeal and are therefore barred by Rule 61(i)(3) absent a showing of cause for the failure to have raised them earlier or prejudice suffered.    Under ground one, the Commissioner found counsel's presentation to be competent and within the required range.    The defendant also failed to state any concrete allegations of prejudice suffered as a result of counsel's representation.    Furthermore, the record reflects that the defendant's plea was voluntarily entered into.  Grounds two through six were not raised by the defendant on appeal and therefore are barred by Rule 61(i)(3). With respect to ground two, by entering a plea of guilty, the defendant knowingly waived his right to challenge the search warrant. Ground three was also waived when the defendant entered his plea. In addition, the defendant does not show how the outcome of his plea or trial, had he gone to trial, would have been any different if certain evidence had not been withheld. The defendant's request for a continuance, ground four, came only days prior to the scheduled trial date and was found to be meritless by the Commissioner.  As in grounds two and three, the defendant waived his right to challenge the officer's testimony by accepting a plea agreement. With regard to the final ground for relief, the record clearly contradicts the defendant's allegation and was  found to be meritless by the Commissioner.

    5. A copy of the Commissioner's report dated October 5, 2005 is attached hereto.   The defendant filed an appeal from the Commissioner's Report and Recommendation and the State filed an answer to the appeal.  In the defendant's

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | IK03-05-0704-R1 |
| | ) | IK03-05-0705-R1 |
| WINFRED O. BROWN, Sr. | ) | |
| | ) | |
| Defendant. | ) | |
| ID. No. 0305001486 | ) | |

Dennis Kelleher, Esq., Deputy Attorney General, Department of Justice, for the State of Delaware.

Mr. Winfred O. Brown, Sr., *pro se.*

## COMMISSIONER'S REPORT AND RECOMMENDATION

### Upon Defendant's Motion for Postconviction Relief Pursuant to Superior Court Criminal Rule 61

FREUD, Commissioner
October 5, 2005

## FACTS

The Defendant, Winfred O. Brown, Jr., ("Brown"), pled guilty on February 3, 2004, to one count of Trafficking in Cocaine, 16 *Del. C.* § 4753A and one count of Possession of a Firearm During the Commission of a Felony, 11 *Del.C.* § 1447. Brown was also facing the following charges: one count of Trafficking in Cocaine,

*State v. Brown*
ID No.0305001486
October 5, 2005

of his motions.[3]  On November 8, 2004, President Judge Vaughn denied another Motion for Modification of Sentence which Brown had filed while his appeal was pending.[4]

## BROWN'S CONTENTIONS

Next, Brown filed the instant Motion for Postconviction Relief pursuant to Superior Court Rule 61.  In his motion, he raises the following six grounds for relief:[5]

Ground One: Ineffective Assistance.

Ground Two: Materially Defective Search Warrant.

Ground Three: State Withheld Exculpable [*sic*] Evidence.

Ground Four:  Presiding Judge's Abuse of Discretion.

Ground Five:  Perjured Testimony at Preliminary Hearing.

Ground Six:  Not Guilty of PFDCF.

---

[3]    *Brown v. State*, Del. Supr., No. 178, 2004, Jacobs, J. (Sept. 13, 2004) (ORDER).

[4]    *State v. Brown*, Del. Super., ID No. 0305001486, Vaughn, P.J. (Nov. 8, 2004) (ORDER).

[5]    For explanation of each ground, Brown refers to his lengthy  Memorandum of Law in Support For Post-Conviction [*sic*] Relief.  Brown's references are too long to set forth herein therefore the details of each ground will not be repeated.

3

*State v. Brown*
ID No.0305001486
October 5, 2005

(1) counsel's representation fell below an objective standard of reasonableness; and (2) counsel's actions were prejudicial to him in that there is a reasonable probability that, but for counsel's error, he would not have pled guilty and would have insisted on going to trial, and that the result of a trial would have been his acquittal.[8] The failure to establish that a defendant would not have pled guilty and would have proceeded to trial is sufficient cause for denial of relief.[9] In addition, Delaware courts have consistently held that in setting forth a claim of ineffective assistance of counsel, a defendant must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal.[10] When examining the representation of counsel pursuant to the first prong of the *Strickland* test, there is a strong presumption that counsel's conduct was professionally reasonable.[11] This standard is highly demanding.[12]    *Strickland* mandates that when viewing counsel's representation, this Court must endeavor to "eliminate the distorting effects of

---

[8]    *See Hill v. Lockhart*, 474 U.S. 52, 57, 59 (1985); *Strickland*, 466 U.S. at 688, 694; *accord Larson*, 1995 Del. LEXIS 238; *Blanchfield v. State*, 1994 Del. LEXIS 314; *Skinner*, 607 A.2d at 1172; *Albury*, 551 A.2d at 58.

[9]    *See Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).

[10]    *Younger*, 580 A.2d at 556; *Skinner v. State*, 1994 Del. LEXIS 84, at *4-5.

[11]    *Albury*, 551 A.2d at 59 (*citing Strickland*, 466 U.S. at 689); *see also Larson*, 1995 Del. LEXIS 238, at *4; *Flamer v. State*, 585 A.2d 736, 753 (Del. 1990).

[12]    *Flamer*, 585 A.2d at 754.

5

*State v. Brown*
ID No.0305001486
October 5, 2005

counsel's representation was ineffective under the *Strickland* test.

Even assuming, *arguendo*, that counsel's representation of Brown was somehow deficient, Brown must satisfy the second prong of the *Strickland* test, prejudice. In setting forth a claim of ineffective assistance of counsel, a defendant "must make concrete allegations of actual prejudice and substantiate them or risk dismissal."[17]    In an attempt to show prejudice, Brown simply asserts that his counsel pressured him and "did not adequately investigate." Brown does not show that had he gone to trial that he would have been acquitted. This statement is insufficient to establish prejudice.

To the extent that Brown alleges his plea was involuntary, the record clearly contradicts such an allegation. When addressing the question of whether a plea was constitutionally knowing and voluntary, the Court looks to the plea colloquy to determine if the waiver of constitutional rights was knowing and voluntary.[18] At the Guilty Plea hearing, the Court asked Brown whether he understood the nature of the charges, the consequences of his pleading guilty, and whether he was voluntarily pleading guilty. The Court asked Brown if he understood he would waive his constitutional rights if he pled guilty, if he understood each of the constitutional

---

[16](...continued)
298 (Del. 2003); see also *Blanchfield*, 1994 Del. LEXIS 314, at *2-3; *Sullivan v. State*, 636 A.2d 931, 937-938 (Del. 1994).

[17]    *Larson*, 1995 Del. LEXIS 238, at *5; *Younger*, 580 A.2d at 556 (Del. 1990).

[18]    *See Godinez v. Moran*, 509 U.S. 389, 400 (1993).

*State v. Brown*
ID No.0305001486
October 5, 2005

completely meritless.

Turning briefly to Grounds for Relief Two through Six in which he does *not* allege ineffective assistance of counsel, I find that these claims are barred by Rule 61(i)(3) for Brown's failure to have raised them on appeal. Brown makes no attempt to explain to this Court why he failed to raise these claims earlier nor has Brown alleged any clear prejudice resulting from the alleged inaction. Therefore he has clearly failed to cross the procedural bar of Rule 61(i)(3) by not demonstrating cause and prejudice. As such, these claims should be denied by the Court.

Notwithstanding the procedural bar, I will briefly discuss Brown's Grounds for Relief Two through Six. In Ground Two, Brown alleges a deficiency in the Affidavit supporting the Search Warrant. As Brown's former counsel noted in his Affidavit, he had prepared a Motion to Suppress and was prepared to argue the motion to the Court at the time Brown decided to enter his Guilty Plea. By entering his plea, Brown knowingly waived his right to attack the Search Warrant. This ground is meritless.

Similarly, Brown's Ground Three for relief alleges that the State withheld evidence was waived by Brown's Guilty Plea.[21] Furthermore, Brown has not given any concrete evidence that any of the alleged withheld evidence would have changed

---

[21]    *Downes v. State*, 1999 Del. Super. LEXIS 328; *Davis v. State*, 783 A.2d 124 (Del 2001).

9

*State v. Brown*
ID No.0305001486
October 5, 2005

## CONCLUSION

I find that Brown's counsel represented him in a competent and effective manner and that Brown has failed to demonstrate any prejudice stemming from the representation. I also find that Brown's guilty plea was entered knowingly and voluntarily. Finally, I find that Brown has failed to overcome the bars of Rule 61(i). Consequently, I recommend that the Court *deny* Brown's Motion for Postconviction Relief as procedurally-barred by Rule 61(i)(3).



Commissioner Andrea M. Freud

oc:    Prothonotary
cc:    Hon. James T. Vaughn, Jr.
       David R. Anderson, Sr., Esq.
       File

11

SUPREME COURT ORDER

ATTACHMENT

IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WINFRED O. BROWN, SR., | § | |
| | § | |
| Defendant Below- | § | No. 79, 2006 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for Kent County |
| | § | Cr. ID. 03605001486 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: July 19, 2006
Decided: September 22, 2006

Before **STEELE**, Chief Justice, **HOLLAND**, and **JACOBS**, Justices.

## O R D E R

This 22nd day of September 2006, after careful consideration of appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Winfred O. Brown, filed this appeal from the Superior Court's denial of his first motion for postconviction relief.  The State of Delaware has filed a motion to affirm the trial court's judgment on the ground that it is manifest on the face of Brown's opening brief that the appeal is without merit.  We agree and affirm.

(2)    The record reflects that Brown pled guilty in February 2004 to one count of trafficking in cocaine and one count of possession of a firearm

during the commission of a felony. In exchange for his guilty plea, the State

dismissed twelve other charges against him. The Superior Court sentenced

Brown to a total period of forty years at Level V imprisonment to be

suspended after serving a mandatory minimum term of six years

incarceration followed by one and a half years of decreasing levels of

supervision. Brown did not appeal from his guilty plea and sentence.

Instead, Brown filed two different motions seeking to correct or modify his

sentence. The Superior Court denied both motions which this Court

affirmed on appeal.[1]

(3)    Thereafter, Brown filed a motion for postconviction relief,

alleging six grounds: (i) ineffective assistance of trial counsel; (ii) defective

search warrant; (iii) exculpatory evidence withheld; (iv) erroneous denial of

a continuance request; (v) preliminary hearing testimony was perjured; and

(vi) not guilty of weapon offense. The Superior Court denied Brown's

motion. On appeal, Brown raises the same six claims, as well as a claim that

the Superior Court abused its discretion in not conducting a hearing on his

postconviction motion.

(4)    In order to establish a claim of ineffective assistance of trial

counsel with respect to his guilty plea, Brown must establish that: (i)

---

[1] *Brown v. State*, 2004 WL 2154319 (Del. Sept. 17, 2004); *Brown v. State*, 2004 WL 2149141 (Del. Sept. 13, 2004).

2

counsel's representation was professionally unreasonable; and (ii) but for counsel's deficiencies, there is a reasonable probability that Brown would not have pled guilty but would have insisted on going to trial and been acquitted.[2]  The standard is highly demanding,[3] and there is a strong presumption that counsel's representation was professionally reasonable.[4]

(5)    Under the circumstances, Brown has failed to substantiate his claim of ineffective assistance of counsel.  As the Superior Court noted, Brown was indicted on fourteen serious charges and faced the prospect of a substantial prison sentence if convicted of all charges.  Brown's counsel was able to negotiate a plea bargain on his behalf that resulted in Brown's conviction on only two of the fourteen charges with a six-year minimum mandatory sentence.  Given the strength of the State's evidence against him, the plea bargain clearly was advantageous to Brown.  At his guilty plea colloquy, Brown told the Superior Court that he was satisfied with his counsel's representation.  Absent clear and convincing evidence to the contrary, Brown is bound by that representation.[5]

---

[2] *Hill v. Lockhart*, 474 U.S. 52, 57, 59 (1985).

[3] *Flamer v. State*, 585 A.2d 736, 754 (Del. 1990).

[4] *Albury v. State*, 551 A.2d 53, 59 (Del. 1988).

[5] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).

3

(6)    With respect to the other five claims raised in his postconviction motion, which allege errors occurring prior to the entry of his plea, Brown's voluntary guilty plea constitutes a waiver of those claims.[6] Under the circumstances, we find no error in the Superior Court's dismissal of Brown's postconviction motion without holding a hearing.[7]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

Chief Justice

---

[6] *Miller v. State*, 840 A.2d 1229, 1232 (Del. 2003).

[7] *Maxion v. State*, 686 A.2d 148, 151 (Del. 1996).

4