IN THE DISTRICT COURT OF DELAWARE

WINFRED O. BROWN SR.
Plaintiff

V.                                    Case No: 06-798

THOMAS CARROLL
Warden, Delaware Correctional Center.



FILED
MAR 13 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

BD scanned

ON APPEAL FROM THE DELAWARE SUPREME COURT

## MOTION TO AMEND OPENING BRIEF

Comes now the plaintiff, Winfred O. Brown Sr., Pro-Se litigant, seeking to amend his opening brief which is currently before this Honorable Court. In support of his motion the following is offered.

The plaintiff filed his initial brief in January 2007. He submitted notice to the Court on February 20, 2007, that he sought to amend his opening brief. The following amendments have been made are submitted for incorporation into the appellant's opening brief.

1. **ADD** ground nine to the Habeas Petition under 28 U.S.C. 2254
2. **Delete** original/old "table of contents" of appellant's opening brief and **add** new table of contents to opening brief, page I
3. **ADD** additional "table of authorities," to opening brief, page III(a).
4. **Delete** the original/old "statement of facts," page VI and **add** the new copies provided for opening brief, pages VI and VI(a).

5. SUMMARY OF ARGUMENTS I - IX;

6. ADD REQUEST FOR " THREE JUDGE COURT."

7. **Delete** the original/old pages 39-40 of opening brief, and **add** new pages 39-43.

Respectfully Submitted

*Winfred O. Brown*
*Winfred O. Brown*
Winfred O. Brown Sr.
SBI: 019174   Unit: V-B-1
DCC
1181 Paddock Road
Smyrna, DE 19977

**Additional Ground Under 28 U.S.C. § 2254**

    GROUND     NINE

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): Whether the Lower Court's unreasonably applied Strickland Id. by requiring the Movant to submit "evidence" of prejudice at the pleading stage to prevail on his ineffective-assistance claim, when all the Movant need demonstrate at that stage, accepting his allegations as true based on the available record, was that counsels deficiency probably affected the outcome of the case. The Movant did that! See amended argument VIII in appellant's opening brief.

(b) If you did not exhaust your state remedies on Ground One, explain why:

   (c) **Direct Appeal of Ground One:**
      (1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☐ No
      (2) if you did not raise this issue in your direct appeal explain why:

   (d) **Post-Conviction Proceedings:**
      (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
      ☒ Yes ☐ No
      (2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: habeas

Name and location of the court where the motion or petition was filed: District Court

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

      (3) Did you receive a hearing on your motion or petition? ☐ Yes ☐ No
      (4) Did you appeal from the denial of your motion or petition? ☐ Yes ☐ No
      (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal ☐ Yes ☐ No
      (6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

      (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

## TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................II

NATURE OF THE PROCEEDINGS.....................................................IV

SUMMARY OF THE ARGUMENTS.....................................................V

STATEMENT OF FACTS....................................................................VI

STANDARD AND SCOPE OF REVIEW..............................................VII

ARGUMENTS:

    I.      Lower Court erred and abused its discretion when it denied appellant's Ineffective assistance claim as raised as cumulative errors as related to The miscarriage of justice standards............................................1

    II.     The Lower Court erred, the appellant was deprived of effective assistance of counsel, when counsel failed to challenge the material defects of the State's affidavit of probable cause for a search warrant......8

    III.    The Lower Court erred, the appellant was denied effective assistance of counsel, when counsel failed to inform appellant of the State's suppression of exculpatory evidence prior to plea............................19

    IV.    The Lower Court erred when it refused the appellant's request for continuance to retain private counsel after ineffective counsel had informed the Court of untimely discovery....................................25

    V.     The Lower Court erred when it failed to grant an evidentiary hearing on the claim that the affiant provided perjured testimony during Preliminary hearing.................................................................30

    VI. &VII.  Lower Court erred and the appellant was deprived of effective assistance when counsel gave erroneous advice on the elements of 11Del. C. 1447A in order to force and coerce appellant to plea.................................32

    VIII.   The appellant is being held illegally.............................................37

    IX.    WHETHER THE LOWER COURTS UNREASONABLY APPLIED STRICKLAND V WASHINGTON, BY REQUIRING THE MOVANT TO SUBMIT "EVIDENCE" OF PREJUDICE AT THE PLEADING STAGE TO PREVAIL ON HIS EFFECTIVE ASSISTANCE CLAIMS............40

    X.     CONCLUSION..........................................................................43

I

## TABLE OF AUTHORITIES

U.S. v Dawson, 857 F.2d 923, 927-28 (3rd Cir 1988)..................................42

Williams v Taylor, 529 U.S. 362, 412-13 (2000)..........................................41

## RULES, CONSTITUTIONAL PROVISIONS, ETC...

28 U.S.C. 2254(d)(1).................................................................................41

## STATEMENT OF FACTS

The appellant has argued that he was arrested outside the home of his son's residence at 535 Nimitz Road, Dover, Delaware ( a residence where he did not live and had no immediate access to), during a warrantless raid on May 2, 2003, and that the Court provided him with five different lawyers over a nine month pre-trial period. Further, that he was never allowed to review his Rule 16 "Discovery" material and specifically the search warrant with the affidavit of probable cause which brought about his arrest and charges for items seized at a residence where he did not live, was not inside the home and had no available access to. Throughout the pre-trial process the appellant was led to believe that he was being charged as an accomplice of his son,( "Winfred O. Brown Jr.", same name). After reviewing his Rule 16 "Discovery," after accepting a plea, the appellant determined that in fact the affidavit of probable cause was defective, naming the appellant as the primary occupant at 535 Nimitz road and as the **only and sole** person distributing drugs from that address as early as November 2002. In fact the appellant's son is never mentioned in the affidavit. It was not until police raided the residence that they learned there were two "Winfred Brown's." The Movant argues that because of sloppy and inaccurate police work, he was wrongfully targeted in the investigation of his son's residence. Based upon this exculpable evidence and other mitigating facts mentioned herein, the appellant has sought to withdraw his guilty plea, which he accepted only after being told by defense counsel that in fact he was guilty of the two charges he pleaded to without ever seeing the evidence against him. The Movant also argued that he was forced and coerced into this plea agreement when defense counsel showed up on the morning of trial and informed the Movant that he had filed his "motion to suppress' late and that he did not believe the Court would hear it; and further that the State had informed defense counsel that if the Movant proceeded to trial, the State would refer federal gun charges against the Movant. Counsel also informed the appellant that he had failed to interview or subpoena his 12 alibi witnesses; several of which would have testified that the Movant was not living in the state of Delaware during the time the Affidavit of Probable Cause states the Movant was committing several of the crimes of which he was charged. Defense counsel then informed the appellant that he was in fact guilty and should accept a plea to Possession of a Firearm During the Commission of a Felony (PFDCF) **only** because two (2) ammunition clips found in a motel room registered to the appellant, two miles away from his son's home, fit an unloaded handgun found in the ceiling on his son's residence even though the appellant provided the name

VI

of the owner of the handgun for interview and subpoena. The appellant argues that he is innocent of this charge (PFDCF) and that **the Court's have ruled that where a constitutional violation probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause of procedural default, Murray v Carrier, 477 U.S. 478, 106 S.CT 2639 (1985).** Defense counsel failed to investigate, prepare, interview and subpoena witnesses, file a motion based on illegal search and seizure, prepare alibi defense based on misidentification, motion for jury voir dire, motion for severance of charges, etc… Please see other instances of ineffective assistance in the actual brief. The lower Courts denied the appellant's arguments as meritless, citing that defense counsel was more creditable than the appellant. The appellant has re-argued that the Court's should only focus on the facts stated or not stated on the record.

    The appellant continues to argue that the Courts refused to review and consider all of his issues (abuse of discretion, the state's failure to disclose exculpable evidence, perjury, etc…) in light of the "Totality of Circumstances," which taken together forced him to accept a plea to charges he was in fact innocent of. The appellant argues that his plea was unknowing, unintelligent, and involuntarily made; amounting to manifest injustice. The appellant has a due process right to be adequately informed of the evidence for and against him and to be represented by competent counsel guaranteed under the **Sixth Amendment.** Leading up to trial on February 3, 2004, defense counsel deliberately and knowingly concealed and deprived the appellant of his "Discovery" material then induced a plea through coercion, threats, and lies in order to cover up his ineffective assistance and a "conflict of interest" in which defense counsel was representing and soliciting a favorable plea for one of the appellant's alibi witnesses in an unrelated criminal mater. This Court has the ability and duty to correct the manifest injustice done in this case, and set aside the judgment of conviction and permit the appellant to withdraw his plea under the standards of ineffective assistance and the constitutional violations which make up a **colorable claim for a miscarriage of justice."**

    The errors raised by the appellant on counsel's deficient performance were not merely procedural, but substantially infringes upon the appellant's constitutional right to Due Process of Law, rendering appellant's plea involuntary. It is the appellant's position that the denial of appellant's Rule 61 petition was in error and an abuse of discretion. This is the appellant's opening brief.

<u>VI (A)</u>

## SUMMARY OF THE ARGUMENTS

I.  The Lower Court erred and abused its discretion when it denied appellant's ineffective assistance claim as raised as a cumulative of errors as related to the miscarriage of justice standards..................................................................................1

II. The Lower Court erred and the appellant was deprived of effective assistance of counsel when counsel failed to challenge the material defects of the State's affidavit of probable cause for a search warrant...................................8

III. The Lower Court erred and the appellant was denied effective assistance of counsel when counsel failed to inform the appellant of the State's suppression of exculpatory evidence prior to the forced plea..................................................................................19

IV. The Lower Court erred when it refused the appellant's request for a continuance to retain private counsel after ineffective counsel had informed the court of untimely "discovery" but failed to request a continuance in order to review "discovery" and plan a defense with appellant......................25

V. The lower Court erred when it failed to grant an evidentiary hearing on the claim that the affiant provided perjured testimony during preliminary hearing..................................................................................30

VI&VII The Lower Court erred and the appellant was deprived of effective assistance when counsel gave erroneous advice on the elements of 11 Del C. 1447A in order to force and coerce appellant to plea.......................................................32

VIII. The appellant is being held illegally...............................~~36~~ 37

IX. WHETHER THE LOWER COURT'S UNREASONABLY APPLIED STRICKLAND V WASHINGTON, BY REQUIRING THE MOVANT TO SUBMIT "EVIDENCE" OF PREJUDICE AT THE PLEADING STAGE TO PREVAIL ON HIS INEFFECTIVE ASSISTANCE CLAIMS                                              40

V

1. Being in the state of Delaware in November 2002 as asserted in the affidavit of probable of cause
2. Being involved in the illegal drug activities at 535 Nimitz Road
3. having delivered any drugs to a confidential informant form 535 Nimitz Road

The affidavit of LaTanya Brown clearly refutes the affidavit of probable cause for Room 50, line 13, "that Stewart had spent a couple of days with "Big Winnie" at Room 50. Brown's statement clearly indicates that Stewart had been and was living in Room 50 for some time and apparently by herself as indicated that Stewart stayed in the room while the appellant was in New York with his family. The manager of the motel would have testified that Stewart had her own key and paid the rent and phone bill. It was the appellant's intent to use these witnesses to present reasonable doubt as to who actually owned the cocaine found in Room 50. During an effective cross-examination, the medical examiner would have been forced to testify that the cocaine (three grams) found on the appellant at the time of his arrest, would validate Stewart's recantation that she did not receive any drugs from the appellant while at 535 Nimitz Road on May 2, 2003.

The Lower Court's in their response in denying the appellant's Rule 61, stated that it found defense counsel more creditable than the Movant but refused to require defense counsel to specifically answer many of the appellant's claims.

If the Court had reviewed counsel's reply brief in conjunction with Court transcripts from January 28, 2003, the Court would have found counsel to be lying in his response versus what was in the Court transcripts, see counsel's reply brief and transcripts at appendix X.

39

## IX. WHETEHR THE LOWER COURT'S UNREASONABLY APPLIED STRICKLAND V WASHINGTON, BY REQUIRING THE MOVANT TO SUBMIT "EVIDENCE" OF PREJUDICE AT THE PLEADING STAGE TO PREVAIL ON HIS EFFECTIVE ASSISTANCE CLAIMS?

The appellant argues that the Lower Court's erred when they unreasonably applied Strickland v Washington, 466 U.S. 668 (1984), by requiring the Movant to submit "evidence" of the prejudice at the pleading stage to prevail on his ineffective – assistance claim, when all the Movant needed to demonstrate at that stage, accepting his allegations as true based on the available record, was that counsel's deficiency probably affected the outcome of the case.

As to each of the Movant's ineffective – assistance claims, the court summarily concluded: "Brown's claims of ineffective assistance of counsel are unavailing. Brown has presented no evidence that any claimed error on the part of his counsel resulted in prejudice to him. The Court finds defense counsel more creditable than Brown" The Court's summarily concluded that the Movant could not prevail on his arguments. This was unreasonable. **The Movant clearly provided evidence that:** (1) in way of hospitable and treatment records, and affidavit's to show that he was not living in the state of Delaware when a confidential source accused him of packaging and distributing cocaine in November 2002; (2) affidavit's from the home owner's that he was not living at 535 Nimitz road, was not involved in the drug distribution occurring there and was not the owner of the handgun found there, (3) that he never sold any drugs from that residence. **Court records clearly indicated that:** (1) counsel never subpoenaed any alibi witnesses to verify the above mentioned information, (2) that Counsel in fact had a "conflict of interest" by representing one of the Movant's alibi witnesses (LISA MOORE) in a separate and unrelated case, (3) that counsel failed to file for jury voire dire, (4) that counsel admitted in open court on January 28, 2004, that he had never provided the Movant with his "Discovery" materials, (5) counsel never filed for a DRE 608 and 609 hearing on several state witnesses, (6) counsel never filed to suppress police interviews of intoxicated witnesses, (7) counsel

40

never filed for a suppression motion based on an illegal search and seizure, (8) never filed for severance between the two residences, (9) never filed a motion in limine to prohibit a police officer from testifying as an expert witness on "intent." (10) never subpoenaed the owner of the handgun the state accused the Movant of using to distribute drugs.

The Movant was entitled to a proper review of his ineffective assistance claims. He has not been given one. The Court's should have granted a hearing on all ineffective assistance claims. The Court was obligated to accept as true the Movant's factual allegations unless they are clearly frivolous on the basis of the existing record. The Movant argues that the record supports his claims. Instead however, the Court threw out the record and stated that defense counsel was more "creditable" than the Movant rather than relying on the record itself.

The Court essentially required the Movant, a Pro-Se litigant to produce "evidence" of prejudice at the pleading stage without giving him an opportunity to present any evidence of prejudice. While the Movant attempted to comply with this request, absent an evidentiary hearing, this was unreasonable. Under Section 2254(d), if a state court adjudicates a claim, federal courts must determine whether the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. 2254(d)(1). A State Court cannot by the very terms of Section 2254(d)(1) properly "adjudicate" a claim on the merits if it unreasonably applies the governing federal rule, see Williams v Taylor, 529 U.S. 362, 412-13 (2000) (Under the "Unreasonable application clause, a Federal Habeas Court may grant the Writ if the State Court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.")

To state an ineffective – assistance claim, a petitioner need only demonstrate that (1) counsel's performance fell below an objective standard of reasonableness and (2) counsel's deficient performance prejudiced his client, see Strickland Id. "Prejudice"

41

mans that absent counsel's unprofessional errors, there is a "reasonable" probability" that the outcome of the proceeding would have been different, Id.

At the pleading stage, the petitioner's factual allegations, based on the existing record, must be accepted as true to determine prejudice. See United States v Dawson, 857 F.2d 923, 927-28 (3rd Cir. 1988) ("First, we must determine whether the Court considered as true all appellant's nonfrivolous factual claims....Second, we must determine whether, on the existing record, those claims that are nonfrivolous conclusively fail to show ineffective assistance of counsel.") the Movant argues that the record will reflect that his claims are valid and accurate.

The Movant argues that if the Court accepts his pro-se pleadings and briefs as true, they demonstrate a reasonable probability that his counsel's deficient performance affected his ability to go to trial and force him to take an unacceptable plea on the morning of trial. Mr. Anderson was totally deficient and negligent in his capacity as defense counsel.

By finding the Movant had failed to "present evidence of prejudice" AT THE pleadings stage and therefore could not prevail under Strickland," the Delaware Court's have unreasonably applied Strickland.

The Movant argues that based on the factual record, he should be entitled to an evidentiary hearing on ineffective assistance and prays that this Court will remand and grant said hearing.

## CONCLUSION

As the petitioner received ineffective assistance of counsel during the pre-trial stages and during the plea agreement process in violation of the **Sixth Amendment of the U.S. Constitution, Due Process and Delaware's Constitution ART I, 6 & 7,** and the Court's abuse of discretion when it unreasonably applied Strickland against the appellant's case, the petitioner submits that his unknowing, involuntary, and unintelligently made plea should be vacated or remanded back to the Lower Courts for an evidentiary hearing accordingly with the facts and law of this Court.

Respectfully Submitted

*Winfred O. Brown*
Winfred O. Brown Sr.
SBI: 019174   Unit: V-B-1
DCC
1181 Paddock Road
Smyrna, DE 19977

I/M: WINFRED BROWN SR.
SBI# 019174    UNIT V-B-1
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977



LEGAL MAIL

U.S. DISTRICT COURT
OFFICE OF THE CLERK
844 N. KING ST LOCKBOX 18
WILMINGTON, DE 19801-3570

LEGAL MAIL